ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST OF TX
FILED
2015 MAR 17 PM 2:25
DEPUTY CLERK

| | | |
|---|---|---|
| JOHN E. SHAUNFIELD, JR. | § | |
| | § | |
| Plaintiff, | § | 3-15CV-856-L |
| vs. | § | |
| | § | |
| ALLY FINANCIAL, INC. | § | CIVIL ACTION NO _____ |
| COLE TAYLOR MORTGAGE, LLC | § | |
| MB FINANCIAL, N.A. | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., | § | JURY TRIAL REQUESTED |
| EQUIFAX, INC., | § | |
| TRANS UNION, LLC | § | |
| | § | |
| | § | |
| Defendants | § | |

## ORIGINAL COMPLAINT

**COMES NOW**, John E. Shaunfield, Jr. (referred to hereinafter as "Plaintiff" or "Shaunfield"); bring this action against Defendants, Ally Financial ("Ally"), Cole Taylor Mortgage ("Cole"), MB Financial ("MB"), Experian Information Solutions, Inc. ("Experian"), Equifax, Inc. ("Equifax") and TransUnion, LLC ("Transunion") and for cause of action would respectfully show unto the Court as follows:

### I.
### THE PARTIES

1.1   Plaintiff, John E. Shaunfield, Jr is an individual residing at 5717 Danmire Ct., Plano, Texas 75093

1.2   Defendant, Ally Financial, Inc. is a Corporation with offices at 200 Renaissance Ctr., C/O MC482-B15-B36 Detroit, MI 48265-0001 and may be served by serving its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

1.3     Defendant Cole Taylor Mortgage, LLC is a LLC with offices at 2251 Rombach Ave., Wilmington, OH 45177 and may be served by serving its registered agent Corporation Service Company, 2711 Centerville Rd., Suite 440, Wilmington, DE, 19808.

1.4     Defendant MB Financial N.A. is a Corporation with an address at 2251 Romback Ave, Wilmington, OH 45177 and may be served by serving its registered agent Jill E. York, 6111 North River Rd. Suite 1100, Rosemont, IL 60018.

1.5     Defendant Experian Information Solutions, Inc. is a Corporation with offices at 475 Anton Blvd., Costa Mesa, CA 92626-7037 and may be served by serving its registered agent C T Corporation System, 1999 Bryan St., Suite 900 Dallas, TX 75201.

1.6     Defendant Equifax, Inc. is a Corporation with offices at 1550 Peachtree St. NE # H46, Atlanta, GA 30309-2468, and may be served by serving its registered agent The Prentice–Hall Corporation System, 211 E. 7th Street Suite 620, Austin, TX 78701.

1.7     Defendant TransUnion, LLC is a LLC with principal address at 555 W. Adams Street Chicago, IL 60661 and may be served by serving its registered agent The Prentice–Hall Corporation System, 211 E. 7th Street Suite 620, Austin, TX 78701.

## II.
## JURISDICTION AND VENUE

2.1     This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331. In Accordance with 28 U.S.C. § 1367, this Court has jurisdiction over the pendent state law claims.

## III.
## THE SUBJECT MATTER OF THIS ACTION

3.1     On or about August 24, 2014 Shaunfield received a letter from American Express stating that his credit line had been reduced due to adverse items from other creditors and a low

FICO score as reported by Experian. Shortly thereafter, a similar letter was received from Citi Bank, reducing their credit line as well.

3.2 Shaunfield received a copy of his credit report from Experian on August 31, 2014 and noticed several adverse or negative items that were not accurate. On August 31, 2014 Shaunfield submitted a dispute of these items to Experian as well as Transunion and Equifax. These negative or adverse items were reported as late payments by Ally and Cole Taylor now MB.

3.3 Experian responded on or about September 25, 2014 with results of a so-called investigation. It did not remove any of the inaccurate adverse items in dispute. This is despite the fact that proof of the on time payment for Cole Taylor was provided to Experian. It did correct addresses that shouldn't have been on Shaunfield's report but fell far short of a reasonable investigations as it still contained wrong information as to his address and still included the incorrect name of his spouse.

3.5 Transunion responded on or about September 26, 2014 with results of a so-called investigation. It is continuing to report the inaccurate negative information from Ally Financial and Cole Taylor, now MB. This is despite the fact that proof of the on time payment for Cole Taylor was provided to Transunion.

3.6 Equifax responded on or about September 30, 2014 with results of a so-called investigation. It stated that Cole Taylor was not currently reporting to Equifax, however when a report was generated on October 26, 2014, Cole Taylor was reporting and it was showing an adverse item for Cole Taylor despite the fact that proof of timely payment had been provided to Equifax. Additionally, the Equifax response stated that the Ally Financial historical information

had been deleted from the account and the status had been updated, however, when a report was generated on October 26, 2014, it was still showing the account history.

3.7    Cole Taylor did not do a reasonable investigation and continues to provide inaccurate information on Shaunfield's credit report. The July mortgage payment was made on July 15th and an e-mail was sent that same day confirming the payment was made. A few days later, a letter was received dated July 15, 2014 confirming the payment. On August 4, 2014, a letter was received by Shaunfield from Cole Taylor dated July 21, 2014 that the check was returned due to "Reversed ACH Correction". This is incorrect because the payment was made online and there was no check. Additionally, there is obviously an error in the Cole Taylor system as there were significantly more than adequate funds in the account at the time. Further, timely notice was not provided to Shaunfield to be able to address the situation prior to August 1st, the 30 day late date.

3.8    Ally is reporting a past due amount for October 2013. This is incorrect as there was an unauthorized payment reversal on the account and the notice address had been changed by an unauthorized user. Ally failed to provide adequate security or notice and allowed an unauthorized user to have access to the account. Ally has refused to correct the errors in their credit reporting because they failed to do a reasonable investigation into the errors. They simply reply by saying the information is correct.

## IV.
## CAUSES OF ACTION

***Count One – Violations of the Fair Credit Reporting Act (FCRA).***

4.1    Plaintiff incorporates and alleges the allegations made above.

4.2. 15 U.S.C. § 1681 et seq. prevents the unfair reporting of debt. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a (c). TransUnion, Experian and Transunion are consumer reporting agencies as defined by 15 U.S.C. § 1681a (f) and (p). TransUnion, Experian, Transunion Ally, Cole and MB are persons as defined by 15 U.S.C. § 1681 a (b).

4.3 Defendants Transunion, Experian and Equifax are required by 15 U.S.C. § 1681i to do a reasonable investigation into the credit dispute imitated by Shaunfield. Experian, Equifax and TransUnion failed to follow the requirements of U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Shaunfield, whom the Credit Report in question relates. TransUnion, Experian and Equifax are guilty of willful or negligent actions in relation to maintaining an accurate Credit report for Shaunfield when items were disputed on the report. Shaunfield provide a copy of a letter from one of the persons with an adverse entry indicating that Shaunfield had made his payment on time. Transunion, Experian and Equifax ignored this information as well as other information provided that showed that these adverse entries on Shaunfield's Credit Report were in error. TransUnion, Experian and Equifax failed to exercise their grave responsibilities with fairness, and impartiality. Instead of looking at all of the information TransUnion, Experian and Equifax simply took the fact that the persons involved stated the adverse entries were correct. This allowed Transunion, Experian and Equifax to continue to report false adverse information on Shaunfield's Credit Report causing damages to Shaunfield.

4.4 Transunion, Experian and Equifax are required by 15 U.S.C. § 1681 (b) to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner, which is fair and equitable to the Consumer and required by 15 U.S.C. 1681e (b) to follow reasonable procedures to assure maximum possible

accuracy of the consumer's Credit Report. Transunion, Experian and Equifax failed in the case of Shaunfield's information to maintain or follow reasonable procedures to maintain his records. If reasonable procedures were in place or utilized for Shaunfields Credit Report, the obvious errors would not have been made. TransUnion, Experian and Equifax are guilty of willful or negligent actions in maintaining the records in Shaunfield's Credit Report.

4.5     Transunion, Experian and Equifax have damaged both Shaunfield's reputation and Shaunfield's financial wellbeing by publishing false information about Shaunfield in Shaunfield's Credit Report. 15 U.S.C. § 1681h(e) and 15 U.S.C §§1681n and 1681o all allow for a cause of action against a Consumer Reporting agency for willful noncompliance and for negligent noncompliance. Shaunfield exercises his right to a cause of action under 15 U.S.C. §§ 1681h(e), 1681n and 1681o against Transunion, Experian and Equifax for publishing false information in Shaunfield's Credit Reports.

4.6     Ally, Cole and MB are required by 15 U.S.C § 1681s-2(b) to conduct an investigation with respect to the disputed information and if an item of information disputed by Shaunfield is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information, delete that item of information; or permanently block the reporting of that item of information. Ally, Cole and MB are guilty of violating 15 U.S.C § 1681s-2(b), by failing to follow these procedures.

4.7     Ally, Cole and MB all have reported false or inaccurate information on Shaunfield's Credit Report even after they have been notified of a Dispute. These means they failed to do a reasonable investigation and are guilty of violating 15 U.S.C § 1681s-2(b), by failing to follow these procedures. Ally, Cole and MB all have damaged both Shaunfield's

reputation and Shaunfield's financial wellbeing by reporting false information to Credit Reporting Agencies about Shaunfield's Credit Report. 15 U.S.C. § 1681h(e) and 15 U.S.C §§1681n and 1681o all allow for a cause of action against a Person for willful noncompliance and for negligent noncompliance. Shaunfield exercises his right to a cause of action under 15 U.S.C. §§ 1681h(e), 1681n and 1681o against Ally, Cole and MB for reporting false information in Shaunfield's Credit Reports.

4.8  As a result of Ally, Cole, MB, Transunion, Experian and Equifax violations of the FCRA, Plaintiff has suffered actual damages in an amount in excess of the minimal jurisdictional limits of this Court, as well as punitive, consequential, special and incidental damages, including Attorney's fees and expenses and cost of court.

### Count Two – Libel -Defamation of Character

4.9  Plaintiff incorporates and alleges the allegations made above.

4.10  Plaintiff has been grievously harmed by the incompetence, negligence and malfeasance of the Defendants. With the publication of inaccurate and false information used in the Plaintiff's Credit Report by the Defendants, the Plaintiff has had his credits lowered, been forced to pay higher interest for the credit he could secure and it has had a negative influence on his ability to secure insurance and employment.

4.11  The Texas Civil Practice and Remedies Code (TCPLC) section Sec. 73.001. states **ELEMENTS OF LIBEL**. A libel is a defamation expressed in written or other graphic form that tends to blacken the memory of the dead or that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury. By

publishing the false information in Shaunfield's Credit report, the Defendants have committed Libel according to this code.

4.12   As a result of Ally, Cole, MB, Transunion, Experian and Equifax violations of the Sec 73.001 of the TCPLC) Plaintiff has suffered actual damages in an amount in excess of the minimal jurisdictional limits of this Court, as well as punitive, consequential, special and incidental damages, including Attorney's fees and expenses and cost of court.

### Count Three – Attorney's Fees and Cost

4.13.   Plaintiff incorporates and realleges the allegations made above.

4.14.   Plaintiff was forced to prosecute this action as a further, direct and producing results and responsibility of the Defendant's acts and omissions. The Plaintiff seeks all reasonable Attorney's fees incurred (if so warranted by the addition of an attorney for the Plaintiff) and all of cost incurred in connection with this case and any additional reasonable sum in the event of an appeal herein by any party to any and all appellate courts.

4.15   In accordance with chapter 38 of the Texas Civil Practice and Remedies Code, section 17.50(b) of the Texas Business and Commerce Code, 15 U.S.C. § 1681n § 1681o Plaintiff respectfully request an award of cost and reasonable and necessary recovery of attorney's fees (if so warranted) against the Defendant in connection with this lawsuit and any appeal thereof.

## V.
## JURY DEMAND

5.1   Plaintiff demands a trial by jury on all issues.

## VI.
## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** John E. Shaunfield, Jr. respectfully prays that Defendants of Ally, Cole, MB, Transunion, Experian and Equifax be cited to appear and answer this lawsuit; that on final trial hereof, Plaintiff have and recover judgment against Defendants, actual, punitive, consequential, incidental, and exemplary damages in an amount that exceeds the minimum rate allowed by law; for judgment in favor of Plaintiff for his reasonable fees, expenses and cost through the trial of this matter, and additional sums determined to be reasonable and necessary through the filing of a motion for new trial and/or an appeal to the Fifth Circuit Court of Appeals or the Supreme Court; that all cost of Court be taxed against the Defendant; and for such other and future relief, both general and special, at law and in equity, to which Plaintiff may Show himself to be justly entitled.

Respectfully submitted,

John E. Shaunfield, Jr. Pro Se

By:_____
John E. Shaunfield, Jr. Pro Se

5717 Danmire Ct.
Plano, Texas 75093
(214) 679-7719
jshaunfield@gmail.com

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
John E. Shaunfield, Jr.

## DEFENDANTS
ALLY FINANCIAL, INC., COLE TAYLOR MORTGAGE, LLC, MB FINANCIAL, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX, INC., TRANS UNION, LLC

(b) County of Residence of First Listed Plaintiff: Collin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED MAR 17 2015 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane / ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander / ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine / ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| | ❏ 345 Marine Product Liability | | **LABOR** | ☒ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle / **PERSONAL PROPERTY** ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability / ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury / ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice / ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 893 Environmental Matters |
| | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights / **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting / ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment / ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations / ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment / ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - Other / **Other:** ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education / ❏ 550 Civil Rights | | | |
| | ❏ 555 Prison Condition | | | |
| | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1681
Brief description of cause:
Violation of the Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ❏ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 3/17/15
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or a similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Attorney Signature.** Date and sign the civil cover sheet.