IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN SHAUNFIELD, JR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-0856-L** |
| | § | |
| **MB FINANCIAL BANK, N.A., et al.,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant MB Financial Bank, N.A's ("Defendant") Motion to Dismiss
Amended Complaint (Doc. 18), filed May 21, 2015.  After careful consideration of the motion,
pleadings, and applicable law, the court **grants in part** and **denies in part** Defendant's Motion to
Dismiss Amended Complaint.

I.      **Factual and Procedural Background**

Plaintiff John Shaunfield, Jr. ("Plaintiff" or "Shaunfield") brought this action against
Defendants Ally Financial, Inc.; Cole Taylor Mortgage, LLC ("Cole"); MB Financial Bank, N.A.
("MBFNA"); Experian Information Solutions, Inc. ("Experian"); Equifax, Inc. ("Equifax"); and
Transunion, LLC ("Transunion") on March 17, 2015, asserting claims for violations of the Fair
Credit Reporting Act ("FRCA") and libel.  On April 20, 2015, Defendant filed its original Motion
to Dismiss.  Plaintiff filed his Amended Complaint on May 7, 2015. Plaintiff previously stipulated
to the dismissal of Ally Financial, Inc., Experian, Equifax, and Transunion from this action.  Only
MBFNA and Cole remain as Defendants.  MBFNA is the successor of Cole Taylor Bank.

Plaintiff's Amended Complaint alleges that Defendant reported false and inaccurate
information to his credit report.  Plaintiff alleges that on or about August 24, 2014, he was informed

of adverse items on his credit report after receiving a letter from American Express in which it lowered his credit limit.  Plaintiff reviewed his Experian Credit Report on or about August 31, 2014, and discovered inaccurate adverse or negative items on the report.  Plaintiff further alleges that he disputed a reported late payment to Cole, now MBFNA, with the credit reporting agencies, Experian, Equifax, and Transunion.  The agencies completed investigations and continued to report the late payment.

The reported late payment originates from a mortgage payment transaction.  On July 15, 2014, Plaintiff made a payment to Cole for his July 2014 mortgage payment.  He asserts that he received an e-mail the same day that confirmed his payment, and a letter in the mail dated July 15, 2014, also confirming the payment.  On August 4, 2014, Plaintiff received a letter dated July 21, 2014, that stated "the check was returned due to 'Reversed ACH Correction.'"  Am. Comp. ¶ 3.7. The letter states in relevant part:

> Your check for $1914.66 has been returned to us unpaid by your bank because of REVERSED-ACH CORRECTION.
> We are required to inform you late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Def.'s Mot. Dismiss Ex. 4.  Plaintiff alleges that there "is obviously an error in the Cole system" that led to the returned payment. Am. Comp. ¶ 3.7  He further alleges that he was not timely notified of the returned payment prior to August 1, 2014, to avoid the "30-day late date."  *Id.* Plaintiff also alleges that Cole, now MBNFA, did not sufficiently investigate the information after being notified of the dispute from the reporting agencies.  Plaintiff was notified of the results of Defendant's investigation in a letter dated December 10, 2014.  In relevant part, the letter states:

> On December 4, 2014, [MBNFA] received your request via telephone to dispute credit reporting for the above-referenced loan.
> We completed our review and the following was found.  Our records reflect that the July 2014 payment in the amount of $1,914.66 was received and posted on

July 15, 2014.  However, it was then reversed on July 21, 2014 due to an invalid account number.  On the same day, we mailed you a letter outlining the reason for the reversal.  We have enclosed a copy of this letter, for your reference.

We attempted to contact you via telephone on seven occasions after the payment was returned, but were unsuccessful in reaching you until August 3, 2014, when a payment was made in the amount of $1,914,66.

We regret to advise you that we cannot amend the credit reporting for July 2014 payment on your account.  We are required by the [FRCA] to report payments as they are received.  On August 3, 2014, we received the July 2014 payment.  As this payment was received over 30 past the due date of the first of the month, we must report it as of the date it was received.  For your convenience, we have enclosed a copy of the account history as well.

Def.'s Mot. Dismiss Ex. 5.

Defendant moves for dismissal of Plaintiff's Amended Complaint pursuant to Federal rule of Civil Procedure 12(b)(6).  Defendant contends that Plaintiff fails to state a plausible claim for relief and that he has no claim against Cole Taylor Mortgage, LLC.

## II.      Legal Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citation omitted).  The

"[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III.    Defendant's Motion to Dismiss

### A.   Plaintiff's FCRA Claim

Defendant moves to dismiss Plaintiff's FCRA claim because Plaintiff bases his claim on the conclusion that Defendant "did not do a reasonable investigation and continues to provide inaccurate information of his credit report." Am. Compl. ¶ 3.7. Plaintiff alleges that Defendant has

violated 18 U.S.C. § 1681s-2(b).   Section 1681s-2(b) sets forth the "Duties of furnishers of information upon notice of dispute" and provides in pertinent part:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall–
>> (A) conduct an investigation with respect to the disputed information;
>> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>> (C) report the results of the investigation to the consumer reporting agency;

15 U.S.C. § 1681s-2(b)(1).   To establish a violation of section 1681s-2(b), a consumer must show that he notified a consumer reporting agency of the dispute in accordance with the procedure set forth in section 1681i(a)(2), and "that a consumer reporting agency . . . notified [the furnisher] pursuant to 1681i(a)(2)" of the consumer's dispute "within five business days from the time the consumer notifies the consumer reporting agency of the dispute."   *Young v. Equifax Credit Info. Servs.*, 294 F.3d 631, 639 (5th Cir. 2002).   "Such notice [by a credit reporting agency] is necessary to trigger the furnisher's duties under Section 1681s-2(b)."   *Id.*   A consumer must also establish "that a consumer reporting agency . . . notified [the furnisher] pursuant to 1681i(a)(2)" of the consumer's dispute "within five business days from the time the consumer notifies the consumer reporting agency of the dispute."   *Young*, 294 F.3d at 639. Thus, the Fifth Circuit held in *Young* that  any private right of action a consumer may have under section 1681s-2(b) requires a showing that a consumer reporting agency notified the furnisher of information pursuant to section 1681i(a)(2).   *Id.*[1]

---

[1] Courts disagree whether Section 1681s-2(b) provides a private right of action, and the Fifth Circuit has not decided this question.  *See Young v. Equifax Credit Info. Servs.*, 294 F.3d 631, 639 (5th Cir. 2002).

**Memorandum Opinion and Order - Page 6**

The FCRA does not indicate the amount of investigation that is required under section 1681s-2(b)(1).  At least one district court in this circuit concluded that a furnisher's requirement "to conduct a reasonable investigation to determine whether disputed information in a consumer credit report can be verified is widely recognized." *Robertson v. J.C. Penney Co., Inc.*, No. 2:06-CV-3KS-MTP, 2008 WL 623397, at *8 (S.D. Miss. Mar. 4, 2008) (collecting circuit and district court cases from the Third, Fourth, and Seventh Circuits and concluding that "a reasonable investigation 'clearly requires some degree of careful inquiry by creditors' and more than just a 'superficial inquiry.'").  The same court further concluded that section 1681s-2(b)(1)'s investigation requirement for furnishers "is analogous to the requirement imposed upon credit reporting agencies under section 1681i(a) to reinvestigate a consumer's dispute regarding information contained in his credit report and, therefore, furnishers of credit are required to conduct a reasonable investigation." *Id.* (internal quotation marks omitted) (quoting *Bruce v. First U.S.A. Bank, Nat'l Assoc.*, 103 F. Supp. 2d 1135, 1143 (E.D. Mo. 2000)).  The reasonableness of an investigation under the FCRA is generally a question of fact for the jury.  *See Cousin v. Trans Union Corp.*, 246 F.3d 359, 368-69 (5th Cir. 2001) (stating that the issue of reasonableness was properly before the jury).

Plaintiff alleges that Defendant's investigation was not reasonable because it reported false or inaccurate information after being notified of a dispute.  Defendant contends that it fully and fairly responded to Plaintiff's dispute and reported its findings to Plaintiff in its December 10, 2014 letter.  Defendant further contends that Plaintiff concludes the investigation was unreasonable but fails to make any factual allegations to support that conclusion.  Plaintiff responds that Defendant failed to do a sufficient investigation because the adverse information was not removed from his credit report, and the investigation did not reveal the source of the error.  Viewing

Plaintiff's Amended Complaint in a light most favorable to him, the court determines that he has stated a plausible claim for which relief can be granted.  Accordingly, Defendant's Motion to Dismiss as to Plaintiff's FCRA claim will be denied.

**B.  Plaintiff's Libel-Defamation Claim**

Defendant also moves for dismissal of Plaintiff's claim for libel-defamation of character because he fails to make factual allegations to support his conclusions and, in the alternative, on the grounds that the claim is preempted by the FCRA.

The elements of a defamation claim under Texas law for a private figure are "that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting negligently with regard to the truth of the statement." *Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 596 (5th Cir. 2007) (internal citations omitted). A defamatory statement is one in which the words tend to damage a person's reputation, exposing him or her to public hatred, contempt, ridicule, or financial injury. *Encompass Office Solutions, Inc. v. Ingenix, Inc.,* 775 F. Supp. 2d 938, 958 (E.D. Tex. 2011).  "Section 15 U.S.C. § 1681h(e) [of the FCRA] bars a consumer from bringing any claim 'in the nature of defamation . . . with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer.'" *Morris v. Equifax Info. Servs., LLC,* 457 F.3d 460, 470-71 (5th Cir. 2006) (citing 15 U.S.C. § 1681h(e)).

Plaintiff alleges that Defendant caused inaccurate and false information to be published to his credit report.  Plaintiff contends that as a result, "[he] has had his credits lowered, been forced to pay higher interest for the credit he could secure and it has had a negative influence on his ability to secure insurance and employment." Am. Compl. ¶ 4.10.  He further alleges that the false

information continues to be published every time his credit report is acquired by an entity that uses credit information. Plaintiff fails to sufficiently state the substance of the allegedly false and defamatory statements, and, therefore, his defamation claim should be dismissed. *See Shaunfield v. Bank of America*, No. 3:12–CV–3859–B, 2013 WL 1846885, at *3 (N.D. Tex. Apr. 24, 2011) (dismissing defamation claim when plaintiff failed to make sufficient allegations as to the substance of the allegedly defamatory statements).

Claims for defamation are preempted by the FCRA "unless the plaintiff consumer proves malice or willful intent to injure him." *Young*, 294 F.3d at 638 (internal quotations and citations omitted). Plaintiff alleges that Defendant's actions were incompetent, negligent and malfeasant, but he does not allege Defendant acted with malice or willful intent to injure him. Plaintiff first asserts that he believes Defendant acted with malice and willful intent to harm him in his response to the motion to dismiss; however, he did not assert any factual allegations to support his conclusory statement. His allegations fail to lead to a reasonable inference that Defendant acted with malice or willful intent to injure him when it reported information to any credit bureaus. *See Visconti v. Bank of America*, No. 4:10–CV–532, 2012 WL 3779083, at *3 (E.D. Tex. Aug. 31, 2012) (finding that the plaintiff's defamation claim was preempted by the Fair Credit Reporting Act when he failed to allege any facts that the defendant acted with malice or willful intent to injure him when they reported to various credit agencies). Accordingly, Plaintiff's defamation claim is preempted by the FCRA and will be dismissed.

### C. Cole Taylor Mortgage, LLC

Defendant MB Financial Bank N.A. is the successor to Cole Taylor Bank. Defendant asserts that Plaintiff wrongfully sued Cole Taylor Bank as Cole Taylor Mortgage, LLC. Defendant contends that Plaintiff's mortgage was serviced by Cole Taylor Mortgage, a division of Cole

Taylor Bank.  It further contends that Cole Taylor Mortgage, LLC has never serviced or been involved with Plaintiff's mortgage, and that all claims against Cole Taylor Mortgage, LLC should be dismissed.  Plaintiff does not respond to Defendant's contention.[2]  Neither party provides the court with adequate allegations or information to make a determination regarding the status of Cole Taylor Mortgage, LLC.  Accordingly, Defendant's Motion to Dismiss as to all claims against Cole Taylor Mortgage, LLC is will be denied.

### D.  Attorney's Fees

Defendant also seeks dismissal of Plaintiff's request for attorney's fees because he is a *pro se* litigant.  Plaintiff seeks reasonable and necessary attorney's fees, generally, and in connection with his claims and any appeal.  Because he is proceeding *pro se*, Plaintiff may not recover attorney's fees.  *See Danial v. Daniels,* 162 F. App'x 288, 291 (5th Cir. 2006) ("Attorney's fees are not available to a non-attorney *pro se* litigant.") (citing *McLean v. Int'l Harvester Co.,* 902 F.2d 372, 373 (5th Cir. 1990)); *Vaksman v. C.I.R.,* 54 F. App'x 592 (5th Cir. 2002) ("As a pro se litigant, [the petitioner] is not entitled to attorney['s] fees because, quite simply, he did not actually 'pay' or 'incur' attorney['s] fees.").  Accordingly, the portion of Defendant's motion to dismiss regarding Plaintiff's request for attorney's fees will be granted.

### E.  Amendment of Pleadings

In response to Defendant's motion to dismiss, Plaintiff did not request to amend his pleadings in the event the court determined that he failed to state a claim.  The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave

---

[2] Plaintiff submitted a surreply in which he addressed Defendant's contention; however, he did not seek leave of the court to file the surreply.  The court, therefore, **strikes** the surreply, and does not consider it regarding the pending motion.

when justice so requires" is not without limitation.  The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted).  In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Plaintiff has not requested an opportunity to amend his pleadings as to his defamation claim.  In any event, based on the pleadings, Plaintiff has asserted no allegations from which the court can reasonably infer that Defendant acted with malice or willful intent to injure him when it reported information to the credit bureaus.  Although Plaintiff is proceeding *pro se,* he filed an action in Judge Jane Boyle's court in 2012 (Civil Action No. 3:12-CV-3859-B) in which his defamation claim was dismissed when he failed to set forth sufficient allegations as to the substance of the defamatory statements.  He is, thus, aware that conclusory statements are insufficient to state a claim upon which relief can be granted.  Accordingly, even if the court liberally construes his response as a pleading, it fails for being too conclusory, and the court is unable to make a reasonable inference that Defendant is liable for the allegedly wrongful conduct.  Accordingly, the court determines that allowing further amendment would unduly delay the resolution of this case and would be futile.

## IV.    Conclusion

For the reasons stated herein, the court **grants in part** and **denies in part** Defendant MB Financial Bank, N.A.'s, individually and as successor to Cole Taylor Bank, Motion to Dismiss

**Memorandum Opinion and Order - Page 11**

Amended Complaint.  The court **dismisses with prejudice** Plaintiff's claim for defamation and his claim for attorney's fees.  Plaintiff's Fair Credit Reporting Act claim against MB Financial Bank, N.A and Cole Taylor Mortgage, LLC remains.

        **It is so ordered** this 17th day of February, 2016.

                                                    Sam A. Lindsay
                                                    United States District Judge

**Memorandum Opinion and Order - Page 12**